■ MILDRED P. O'BRIEN, Respondent, v. JOHN L. O'BRIEN, Appellant.— Order denying a motion for a blood-grouping test under the provisions of section 306-a of the Civil Practice Act, reversed and the motion granted, with remand to Special Term for the taking of appropriate proceedings, including the appointment of a special guardian to protect the interests of the child,

without costs. While the pleading allegations, apart from the prayer for relief, do not make the paternity of the child an issue of ultimate fact, the question is quite definitely an evidentiary issue under the pleadings, in the provisional relief sought, and with respect to the ultimate relief requested in the complaint. Moreover, the test may provide virtually conclusive proof as to one of the affirmative, and perhaps key, defenses. Quite in point and persuasive are the holding and reasoning in *Anonymous* v. *Anonymous* (1 A D 2d 312). All concur except Valente and McNally, JJ., who dissent and vote to affirm in a separate memorandum as follows: We dissent. Section 306-a of the Civil Practice Act provides for blood grouping tests " Wherever it shall be relevant to the prosecution or defense of an action." To invoke the court's power to grant such tests, the relevancy must appear in the pleadings in the action and the affidavits must present a showing of more than a mere suspicion that there is a basis for questioning the paternity of a child. Defendant has interposed an answer to plaintiff's suit for a separation which pleads as a second affirmative defense a congeries of allegations regarding plaintiff's alleged misconduct including an allegation that plaintiff " has been guilty of such acts of conduct as to indicate that she has been guilty of adultery ". Predicated upon this general allegation, defendant sought an order under section 306-a and submitted affidavits in an attempt to show some basis for his suspicions. The main affidavit is that of the husband himself, whose testimony would be barred at a trial by section 349 of the Civil Practice Act. Even so, all his affidavit presents are equivocal excerpts from a letter written by plaintiff (no reason was given why the whole letter was not produced) and hearsay averments of alleged admissions made by plaintiff to a clergyman. The incompetence of such hearsay is apparent. However, one of the attorneys for the plaintiff swears that he interviewed the clergyman who denied the alleged admissions were made. Unless we want to open the door to routine requests for blood grouping tests in all matrimonial cases where husbands entertain mere suspicions of infidelity or are just hitting in the dark in the hope of discovering something, we must insist upon proper pleadings which make the tests relevant to the issues as well as substantial competent proof justifying an inference of the possible existence of illegitimacy. As indicated above, the record in the instant case meets neither of these requirements. On the other hand, in *Anonymous* v. *Anonymous* (1 A D 2d 312) cited by the majority, these requirements were patently satisfied and were the predicate of the court's decision. There, defendant's pleading specifically denied paternity of a child and contained a counterclaim for divorce based on adultery. (See Civ. Prac. Act, § 1157; Rules Civ. Prac., rule 279.) Additionally, there was competent proof of letters, cards and a telegram from the correspondent to the plaintiff wife. The court after finding that the blood grouping tests were not irrelevant to the issues in the action, added (p. 315): " Moreover, the application for the blood tests may be justified in view of the contents of the correspondence, which the special guardian describes as expressing ' words of endearment and even suggest[ing] lewdness' and which, in our opinion, indicate the existence of meretricious relationship between plaintiff and the correspondent over a long period of time, including the period of gestation." The court concluded (p. 318): " While we do not hold that blood grouping tests should be granted on an application of an alleged father, based on mere suspicion, we are of the opinion that the unusual circumstances presented in the case at bar warrant the granting of this application." Here no circumstances of any substance were presented to impel granting of relief.

There was insufficient to base any exercise of power to grant the application. We would affirm the order below. Settle order. Concur — Breitel, J. P., Botein, Valente and McNally, JJ. [See *post*, p. 946.]